## A. B. JOHNS *v.* WM. O. WOODSON, ETC.

**Executions—Sale Under—Title and Rights of Purchaser—Subsequent Litigation.**

The rights of a purchaser at an execution sale become vested at the time it is made and they cannot be divested nor impaired by subsequent litigation between the plaintiff and defendant.

**Executions—Sale Under—Encouragement to Purchaser—Estoppel.**

Where the defendant recognizes the regularity of the judgment and surrenders to the sheriff in writing, the land sold in satisfaction of same; to this extent he encourages the purchaser and is therefore estopped to controvert his right to take and hold the estate.

APPEAL FROM PENDLETON CIRCUIT COURT.

June 9, 1871.

OPINION BY JUDGE LINDSAY:

It appears that the two judgments upon which the executions issued under which the 34 acres of land were levied upon and sold, were in full force at the time of said levy and sale, and that the application for a new trial in the Smith case was not made until long after Woodson's purchase.

Whatever rights Woodson acquired under his purchase become vested at the time it was made, and they could not be divested nor impaired by any subsequent litigation between Johns and Smith. At the time of this purchase, Johns recognized the regularity and validity of Smith's judgment, and actually surrendered to the sheriff in writing the land sold in satisfaction of the same.

To this extent he encouraged Woodson to purchase and he is therefore estopped from controverting the right of his representatives and heirs to take and hold such estate as he acquired under said purchase.

The judgment appealed from permits Johns to redeem, and is certainly as favorable to him as the facts presented by the record could possibly authorize.

If the amount adjudged against him by the court exeeds the aggregate of the two executions, the mistake is a mere clerical misprision which the lower court can correct upon motion from the record itself, and until said court refuses to make the correc-

tion, such mistake cannot be made the ground of reversal in this ourt.

Judgment affirmed.

*Lee, for appellant.*